UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HERMAN AZEFOR,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>DEPUY ORTHOPAEDICS, INC., DEPUY PRODUCTS, INC., DEPUY INTERNATIONAL LIMITED, JOHNSON & JOHNSON, JOHNSON & JOHNSON SERVICES, INC.,<br><br>　　　　　　　Defendants. | Case No. 2:15-cv-00192-MMD-GWF<br><br>ORDER<br><br>(Defendants DePuy Orthopaedics, Inc's Motion to Dismiss – dkt. no. 19) |

**I.　SUMMARY**

This action involves claims arising from a physical injury caused by an alleged defective product. Before the Court is Defendant DePuy Orthopaedics, Inc.'s ("DePuy") Motion to Dismiss ("Motion"). (Dkt. no. 19.) Plaintiff Herman Azefor has responded (dkt. no. 23) and DePuy has replied (dkt. no. 24). For the reasons discussed herein, the Motion is denied.

**II.　RELEVANT BACKGROUND**

The following facts are taken from Plaintiff's Complaint. Defendants designed, manufactured and distributed numerous orthopedic products, including the DePuy LPS Diaphyseal Sleeve ("the "Product").[1] (Dkt. no. 1 at 2-3.) On September 14, 2009, Plaintiff underwent left knee surgery that involved revision of a failed total knee arthroplasty with distal femoral replacement by implementation of the Product. (*Id.* at

---

[1] The Complaint names DePuy and its affiliates, who allegedly had connections with DePuy or the design, manufacturing or marketing of the Product. (Dkt. no. 1 at 2-3.)


14.) On July 13, 2011, Plaintiff had revision surgery — "a left-sided revision of the distal femoral replacement" — to remove and replace the Product. (*Id.*) On February 15, 2013, Defendants initiated a Class I recall of the Product.[2] (*Id.* at 6.) Plaintiff alleges that Defendants are aware that the Product is defective. (*Id.*)

On February 4, 2015, Plaintiff filed his Complaint asserting claims for strict liability, negligence, breach of express warranty, breach of implied warranties and failure to warn. (Dkt. no. 1.) In response, DePuy moved to dismiss, arguing that Nevada's two year statute of limitations bars Plaintiff's claims.

## III. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not

---

[2] DePuy offers the recall notice to argue that the recall date is January 4, 2013. (Dkt. no. 19 at 3.) Under "FDA Comments in the recall notice, the FDA states that "[o]n Jan. 4, 2013, DePuy issued an Urgent Medical Device Recall informing hospitals and surgeons of the problem and to immediately stop distributing or using the recalled lots." (Dkt. no. 19-1 at 3.)

2

entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint fails to "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

## IV.   DISCUSSION

Defendant raises two arguments in support of dismissal: (1) Nevada's two year statute of limitations applicable to claims involving damages for personal injuries applies to bar all of Plaintiff's claims, and (2) the statute of limitations accrued from the date of Plaintiff's revision surgery (July 13, 2011), at the latest. Plaintiff counters that Nevada's four year statute of limitations applies because Plaintiff's claims "all relate to the design, testing, manufacture, and warnings associated with the Product," and the statute of limitations accrued from the date of the recall notice, February 4, 2013. The Court will address each argument in turn.

### A.   Applicable Statute of Limitations

Nevada law prescribes different commencement periods depending on the nature of the action involved. *See* NRS § 11.190. NRS § 11.190(4)(e) provides for a two year statute of limitations on "an action to recover damages for injuries to a person . . . caused by the wrongful act or neglect of another." However, NRS § 11.220

establishes a four year commencement period in an action for relief that is not otherwise addressed in other sections of the statute.[3] In determining which statute of limitations applies under Nevada law, the court should examine "[t]he gravamen of [the] action" (*Blotzke v. The Christmas Tree, Inc.*, 499 P.2d 647, 647 (Nev. 1972)), and "look to the real purpose of the complaint . . . and not to what the pleader says it is" (*Hartford Ins. Group,* 484 P.2d at 571).

Defendant argues that the "gravamen" of Plaintiff's claims involve damages for personal injuries sounding in tort, citing to Plaintiff's allegations that he "has suffered and continues to suffer very serious bodily injuries." (Dkt. no. 19 at 7.) Defendant relies on cases where the Nevada Supreme Court applied NRS § 11.190(4)(e)'s two year statute of limitations period because it found the claims sound in tort, not in contract. *See, e.g., Walz v. Hood,* 487 P.2d 344 (Nev. 1971) (affirming application of the two year, rather than four year, statute of limitations period governing action for damages for injuries to persons based upon contract where passenger in a taxicab allegedly sustained injuries even though the complaint alluded to claims based on implied legal duties owed by owner of taxicab company to passenger). While the Court agrees that Plaintiff's claims sound in tort, not in contract, this distinction does not automatically result in the application of the shorter statute of limitations period here. Indeed, NRS § 11.220's catchall statute is not limited to actions sounding in contract and could govern actions sounding in tort as long as the action is not otherwise covered in other statutes.

Defendant contends that Nevada courts have found similar claims, when asserted in the context of a personal injury suit, to be governed by the shorter two year limitations period for personal injury claims. (Dkt. no. 19 at 5-6.) Of the cited decisions, the only case that directly supports Defendant's argument is *Campos v. New Direction Equip. Co., Inc.,* No. 2:08-cv-00286-LRH-RJJ, 2009 WL 114193, at *3 (D.Nev. Jan. 16,

---

[3]NRS § 11.220 is referred to as the "catchall statute." *See Hartford Ins. Grp. v. Statewide Appliances, Inc.*, 484 P.2d 569, 571 (Nev. 1971).

2009).[4] The plaintiff in *Campos* sustained severe injuries while using defendant's allegedly defective machine. The court found that the plaintiff's claim for strict product liability falls within Nevada's two year statute of limitations for personal injury action. The court distinguished *Fisher v. Prof'l Compounding Ctrs. of America, Inc.,* 311 F.Supp.2d 1008, 1017 (D. Nev. 2004), which stated that Nevada's catchall statute — providing for a four year limitations period — applies to product liability cases. Because the question of which statute of limitations applies depends on the nature of the action, the Court declines to follow *Campos* or *Fisher.*

Instead, the Court will "look to the real purpose of the complaint" (*Hartford Ins. Group,* 484 P.2d at 571) to assess which statute of limitations governs Plaintiff's claims. In support of his strict liability claim, Plaintiff alleges that the Product "was defective as to design, testing, manufacture and warnings, causing the DePuy LPS Diaphyseal Sleeve to be in a dangerous and defective condition that made it unsafe for its intended use." (*Id.* at 15.) Plaintiff further alleges that Defendants knew or reasonably should have known that the Product was defective and failed to warn of the potential hazards associated with the Product. (*Id.*) Moreover, Plaintiff alleges that as a result of the defective condition of the Product and Defendant's failure to warn, Plaintiff "suffered serious physical injury, harm, damages and economic loss and will continue to incur such harm, damages and economic loss in the future." (*Id.* at 15, 17, 19.) Accepting these allegations as true, the Court agrees with Defendant that the gist of Plaintiff's claims involves "physical injury" that he suffered and will continue to suffer.

---

[4]Defendant's cited decision of *Bender v. Clark Equip. Co.*, 897 P.2d 208 (Nev. 1995) does hold that the two year statute of limitations applies in a products liability action where the plaintiff sustained injury caused by an allegedly defective forklift. The *Bender* case involved amendment of the complaint to name a correct defendant after the statute of limitations had expired. Defendant argues that the unpublished decision of *Crabb v. Harmon Enters.*, No. 60634, 2014 WL 549834 (Nev. Feb. 10, 2014) offers persuasive authority because the facts in that case are similar. However, *Crabb* is factually distinguishable because the court found that the plaintiff did not plead a products liability claim but only pleaded breach of contract and negligence claims arising out of an incident where the plaintiff allegedly suffered injury from food poisoning. *Id.* at *1-*2.

5

Even Plaintiff acknowledges that he "alleges he was physically injured by the defective Product." (Dkt. no. 23 at 8.) NRS § 11.190(4)(e) unambiguously provides a two year statute of limitations for "an action to recover damages for injuries to a person." Because Plaintiff's claims are to recover damages for physical injury to himself, Plaintiff's claims are subject to this shorter two year limitations period.

### B.   Accrual of the Statute of Limitations

Nevada recognizes the "discovery rule," which is an exception to the general rule that "a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen,* 792 P.2d 18, 20 (Nev. 1990). "Under the discovery rule, the statutory period of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action." *Id.* In the context of a medical injury, "a patient discovers his legal injury when he knows or, through the use of reasonable diligence, should have known of facts that would put a reasonable person on inquiry notice of his cause of action." *Massey v. Litton,* 669 P.2d 248, 252 (Nev. 1983). Moreover, the question of when the plaintiff knew or in the exercise of proper diligence should have known of facts constituting the elements of his cause of action is one of fact for the jury to resolve. *Siragusa v. Brown*, 971 P.2d 801, 806 (Nev. 1998). "Dismissal on statute of limitations grounds is only appropriate 'when uncontroverted evidence irrefutably demonstrates plaintiff discovered or should have discovered' the facts giving rise to the cause of action. *Bemis v. Estate of Bemis,* 967 P.2d 437, 440 (Nev. 1998) (quoting *Nevada Power Co. v. Monsanto,* 955 F.2d 1304, 1307 (9th Cir. 1992).

Defendant argues that the statute of limitations accrued from Plaintiff's revision surgery when he was on inquiry notice of his possible claims.[5] Defendant relies on Plaintiff's allegations as to what his physician noted during the July 13, 2011, revision

---

[5]To the extent Defendant contends that Plaintiff had inquiry notice as of January 4, 2013, a material issue of fact exists as to whether Plaintiff knew or should have known that DePuy "issued an Urgent Medical Device Recall informing hospitals and surgeons of the problem" with the Product. (Dkt. no. 19 at no. 3.)

surgery to argue that Plaintiff was made aware of the problem with the Product at that time. (Dkt. no. 19 at 9.) Plaintiff alleges that during the revision surgery, Plaintiff's physician noted the following: "a dissociation between the distal femoral replacement and the locking bolt that attached the distal portion of the distal femoral component" and the "femoral component was spinning freely, as the distal locking bolt dissociated from the distal portion" of the prosthesis. (Dkt. no. 1 at 14.) However, the physician's observation does not clearly explain that the revision surgery was necessitated by any problem or defect with the Product itself, as opposed to how the Product was implanted or some other reason, to put Plaintiff on inquiry notice. The physician's note, without more, would not put a reasonable person on inquiry notice of his possible causes of action. Thus, the Court finds that a material issue of fact exists as to whether Plaintiff knew or should have known of the facts giving rise to his claim by July 13, 2011.

## V.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Defendant's Motion to Dismiss (dkt. no. 19) is denied.

DATED THIS 3rd day of March 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE